ALF MONSEN *vs.* AMERICAN IMPORTING AND TRANSPORTATION
COMPANY.

Suffolk.   November 22, 1911. — March 1, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Charter Party.   Ship.   Contract,* Performance and breach.

In an action on a charter party for a balance of charter hire, it appeared that the
defendant chartered a steamship of the plaintiff for a period of six months,
that the plaintiff was to furnish the vessel with a full complement of officers
and crew and that she was to be employed in the carriage of any "lawful merchan-
dise, including petroleum and its products," between ports named in the charter
party, including certain Atlantic ports of North and South America and the
West Indies.   The defendant excepted to the exclusion of evidence that in one
of the months covered by the charter party there was a hurricane in the island
of Jamaica which so devastated that island that no merchantable fruit could be
obtained during the remainder of the charter period.   The defendant contended
that the hurricane was an "act of God" within the exception clause of the
charter which prevented the defendant from performing his contract.   *Held,*
that the hurricane, as it affected only one kind of merchandise, was not an
"act of God" excusing non-performance of the charter party, and that the
evidence was excluded properly.

In an action on a charter party, under which the defendant hired a steamship of the
plaintiff for a period of six months, for a balance of the charter hire for the last
two months of the period, it appeared that the charter party contained the fol-
lowing provision:  "Ship's bottom to be kept cleaned and steamer to be docked
whenever captain and charterers think it necessary, but at least once in every
four months, and payment of hire to be suspended until she is again in proper
state for the service."   The plaintiff's agent told the defendant that the plain-
tiff would have the vessel docked and cleaned at any time the defendant de-
sired to have it done.   The defendant did not at any time during the six months
for which the vessel was hired ask that she should be docked or her bottom
cleaned, and this was not done.   It did not appear that the defendant, who
had full control of the vessel, ever gave the plaintiff an opportunity to do this
work, and he returned the vessel only at the expiration of the six months.
The defendant contended that the failure of the plaintiff to dry dock and clean
the vessel was a bar to the action.   No claim in recoupment was made.   *Held,*
that under the circumstances the failure of the plaintiff to dry dock and clean
the vessel was no ground of defense to the action; and that, if the defendant
had suffered any loss from the failure to clean the vessel, his remedy was  by
way of recoupment.

CONTRACT for a balance of charter hire alleged to be due under a
charter party made between the plaintiff as owner of the steam-

ship Fagertun and the defendant as charterer dated August 14, 1909. Writ dated February 15, 1910.

In the Superior Court the case was tried before *Hardy*, J. The defendant chartered the vessel for a period of six calendar months at £400, lump sum, per calendar month, in advance. The defendant accepted the vessel and the term of the charter party began to run on September 18, 1909. Thereafter the defendant paid to the plaintiff the charter hire due and payable up to and including December 18, 1909; and the defendant further paid to the plaintiff on account of the charter hire due on January 18, 1910, the sum of $1,000. Thereafter the defendant paid no more on account of charter hire, although payment of the balance was demanded by the plaintiff.

The defendant offered evidence that during the month of November, 1909, there was a hurricane which devastated the island of Jamaica and that, on account of this hurricane, there was no merchantable fruit which the defendant could obtain during the remaining period of time that the charter was to run. The plaintiff objected to the evidence on the ground that it was irrelevant and immaterial, and the judge excluded it. The defendant excepted, and contended that it was proper evidence for the jury, under clause 8 of the charter party, tending to show that the charterer was prevented by an act of God from performing his contract and hence was not liable under the charter.

Clause 8 of the charter party was as follows: "That should the vessel be lost, any hire paid in advance and not earned (reckoning from the date of the loss) shall be returned to the charterers with interest from the date of loss. The act of God, the governments, enemies, fire, restraints of princes, rulers and people and all other dangers and accidents of the seas, rivers, machinery, boilers and steam navigation throughout this charter party always excepted."

The judge refused to order a verdict for the defendant. In support of an exception to the refusal the defendant contended that, as the plaintiff did not show performance of clause 10 of the charter party in that the Fagertun was not cleaned every four months, as therein provided, under that clause the charter party was suspended and the defendant was not liable.

Clause 10 of the charter party was as follows: "Ship's bottom to

be kept cleaned and steamer to be docked whenever captain and charterers think it necessary, but at least once in every four months, and payment of hire to be suspended until she is again in proper state for the service."

The defendant also contended that, as the charter party was suspended by the failure to dock, the plaintiff could not recover on an action of contract on the charter party.

The judge ordered the jury to return a verdict for the plaintiff; and the defendant alleged exceptions.

*A. C. Gould,* for the defendant.

*R. E. Goodwin,* for the plaintiff.

HAMMOND, J.   1. The evidence as to the hurricane in Jamaica and the consequent inability of the defendant to procure merchantable fruit for carriage was properly excluded. By the terms of the charter party the owner was to furnish the vessel with a full complement of officers and crew, and she was to be employed in the carriage of any "lawful merchandise, including petroleum or its products," between ports named in the charter party, including certain Atlantic ports of North and South America and the West Indies. That the hurricane in Jamaica, affecting as it did only one kind of merchandise, was not an "act of God" within the meaning of the eighth section of the charter party sufficiently to avoid the same is too clear for discussion.

2. The tenth section of the contract provided that the vessel's bottom should be kept cleaned and she was to be docked at least once in every four months, and payment of hire was to be suspended until she should be again in proper condition for the service. The defendant did not at any time during the six months for which the vessel was hired request or demand that she should be docked and her bottom cleaned, and this was not done. One Paasche, who signed the charter party on behalf of the plaintiff and acted as his agent and representative with reference to the management of the vessel testified that, as he remembered, he told the defendant that the owner would have the vessel docked and cleaned at any time the defendant desired to have it done. This testimony was uncontradicted, and the defendant does not argue that it is not true.

But it contends that the failure to comply with this requirement is in any event a bar to this action. It does not appear that the

defendant company, which by the terms of the contract had full control of the movements of the vessel, ever gave the plaintiff an opportunity to do this work; and, as before stated, it never intimated a desire to have it done. The vessel was not surrendered until the expiration of the six months, the time for which she was chartered. There is no good ground for contending that this provision was intended to work a forfeiture of the right to charter hire. The clause properly construed means that charter hire shall be suspended so long as the charterer is deprived of the use of his vessel by the process of dry docking and cleaning. In legal effect this was an agreement either to dry dock the vessel at least once in every four months, or else allow the charterer his actual loss from the failure to clean her. *Falls of Keltie Steamship Co.* v. *United States & Australasia Steamship Co.* 108 Fed. Rep. 416. See also *Munson Steamship Line* v. *Miramar Steamship Co.* 150 Fed. Rep. 437, and *Bollman* v. *Tweedie Trading Co.* 150 Fed. Rep. 434. If the defendant suffered any loss by the failure to clean the vessel, its remedy was by way of recoupment. But no such claim is made. We are of opinion that under the circumstances the failure of the owner to dry dock and clean the vessel is no ground of defense to this action.

*Exceptions overruled.*